# EXHIBIT B

Declaration of Cody Smith, Representative for the Mississippi Division of Medicaid

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE STATE OF TENNESSEE, et al.,

        *Plaintiffs*,

v.

XAVIER BECERRA, in his official capacity
as Secretary of the United States Department
of Health and Human Services, et al.,

        *Defendants*.

Case No. 1:24-cv-161-LG-BWR

## DECLARATION OF CODY SMITH

Pursuant to 28 U.S.C. § 1746, I, Cody Smith, declare as follows:

1. I am over 18 years of age, have personal knowledge of the matters set forth herein, and am competent to make this Declaration.

2. I serve as an attorney within the Mississippi Division of Medicaid. The Mississippi Division of Medicaid is responsible for administering Mississippi's Medicaid Program, as well as Mississippi's Children's Health Insurance Program ("CHIP").

3. As an attorney with the Mississippi Division of Medicaid, I am responsible for legislative affairs and advise on policy matters for the Mississippi Division of Medicaid and its programs.

4. The Mississippi Division of Medicaid's mission is to provide health insurance coverage to eligible beneficiaries. Accomplishing this mission requires partnership between the provider community, stakeholders, advocates, families, and the Mississippi State Government. As

1

of May 1, 2024, Mississippi Medicaid and CHIP served approximately 752,000 Mississippians, including low income children; low income aged, blind, and disabled individuals; low income parents and caretakers; and pregnant women.

5. As of May 1, 2024, approximately 412,306 minors between the ages of 0-19 were enrolled in the Mississippi Medicaid Program and CHIP.

6. As of May 1, 2024, approximately 340,526 adults were enrolled in the Mississippi Medicaid Program and CHIP.

7. The Mississippi Division of Medicaid is expected to receive approximately $6.34 billion in total federal funding in State Fiscal Year 2024. The Mississippi Division of Medicaid expects that the federal share expended for the programs will be even greater in State Fiscal Year 2025.

8. The Mississippi Medicaid Program and CHIP do not cover any "operative procedure, or any portion of a procedure, performed primarily to improve physical appearance and/or treat a mental condition through change in bodily form," and the Mississippi Medicaid Program and CHIP exclude coverage if the service is "experimental, investigational, or cosmetic in nature." *See* Miss. Admin. Code Pt. 200, R. 2.2(A)(7), R. 5.1(B)(7).

9. The Mississippi Division of Medicaid is barred by state law from providing coverage for gender transition procedures for a person under the age of 18. See Miss. Code Ann.§43-13-117.7.

10. HHS has promulgated new regulations interpreting Section 1557 of the Affordable Care Act's prohibition on discrimination "on the basis of sex" to include "gender identity" and other "sex characteristics." Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37,522 (May 6, 2024) ("2024 Rule").

11. If the 2024 Rule requires the Mississippi Medicaid Program and CHIP to cover operative procedures to treat a mental condition, to cover services that are cosmetic in nature, or to cover gender transition procedures for a person under the age of 18, Mississippi will incur additional costs and risks losing existing federal funds because the Mississippi Division of Medicaid would be required to provide federally mandated services that do not comply with state law.

12. If the 2024 Rule requires the Mississippi Medicaid Program and CHIP to cover operative procedures to treat a mental condition, to cover services that are cosmetic in nature, or to cover gender transition procedures for a person under the age of 18, the only option that the Mississippi Division of Medicaid has to avoid these extra costs and the potential loss of existing federal funds would be making changes to its administrative rules, which is an administratively burdensome and costly process that requires cross-government cooperation and results in the expenditure of state resources. The administrative process for changes to the administrative rules, like those that govern the terms of the Mississippi Medicaid Program and CHIP, is governed by Mississippi's administrative procedures laws. This process includes rule drafting, potentially preparing financial impact statements, executive review of the proposed rule, submission of the proposed rule to the Secretary of State's office including a public comment period, and a final filing before the rule can be effective. Thus, any compliance with HHS's new regulations would require immediate expenditure of resources.

13. Moreover, if the Mississippi Medicaid Program and CHIP were required to cover operative procedures to treat a mental condition, to cover services that are cosmetic in nature, or to cover gender transition procedures for a person under the age of 18, that would likely lead to an immediate increase in state expenditures.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Cody Smith

Dated: 06/11/2024