UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPI
SOUTHERN DIVISION

STATE OF TENNESSEE, *et al.*,

    Plaintiffs,

    v.

XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*,

    Defendants.

No. 1:24-cv-00161-LG-BWR

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**REQUEST FOR EXPEDITED BREIFING**

On June 13, 2024—two weeks after the filing of their Complaint—Plaintiffs filed their motion to stay the effective date of, and preliminarily enjoin Defendants from enforcing, a newly promulgated nondiscrimination rule implementing Section 1557 of the Affordable Care Act ("ACA"). *See* ECF No. 20. Within that motion for injunctive relief, Plaintiffs concurrently seek an expedited briefing schedule that would truncate Defendants' response deadline by three days, from June 27 to June 24, 2024. *See* Local Civil Rule 7(b)(4) (allowing fourteen days for Defendants' response). Defendants file this opposition for the limited purpose of opposing Plaintiffs' request for a prejudicial, expedited briefing schedule.[1]

Plaintiffs offer no persuasive reason why expedited briefing on the merits of their motion should occur at the expense of Defendants here. Plaintiffs' motion for injunctive relief raises important and complex issues of national significance, as it seeks, *inter alia*, to preclude the U.S.

---

[1] Defendants intend to file their opposition to Plaintiffs' motion for a stay and preliminary injunction in accordance with the schedule established by the Court.

1

Department of Health and Human Services ("HHS") from enforcing portions of a significant nondiscrimination rule that had been subject to more than a year of notice-and-comment rulemaking. Defendants' response will require significant review and coordination within the Executive Branch. And truncating Defendants' response deadline, even by three days, would likely force Defendants to provide the Court with rushed views on Plaintiffs' motion for preliminary relief, which, among other things, includes at least ten declarations submitted by the various Plaintiff States in support thereof. *See* ECF No. 20 at 3.

The Court should deny Plaintiffs' request for expedited consideration for another reason: Plaintiffs should not be able to prejudice Defendants with a truncated response deadline based merely on the suggestion that their proposed schedule would "align the preliminary-motions schedule in this case" with the briefing schedule in *McComb Children's Clinic, Ltd. v. Becerra, et al.*, No. 5:24-cv-00048 (S.D. Miss.), also pending before the Court. *See* ECF No. 20 at 3.[2] Not only does this case present differing legal issues from *McComb*—stemming, among other things, from the fact that the Plaintiffs are States—but, as the Court is aware, the *McComb* motion for a preliminary injunction was filed ten days earlier, on June 3, 2024. And even there, the Court granted the *McComb* defendants two extra days (for a total of sixteen days) to file their response, on June 19, 2024. Plaintiffs should not be able to skip the line when they (1) filed their motion for injunctive relief ten days after the *McComb* plaintiffs, and (2) filed their motion for injunctive relief fourteen days after the filing of the instant Complaint. In other words, Defendants are hard-pressed to see what benefit "align[ed]" schedules would provide the Court, save for limiting Defendants' ability to provide a fulsome response to the issues raised in Plaintiffs' motion. Given the nationwide import of the issues at stake and the need for review of Defendants' response within

---

[2] No hearing date has been set in *McComb* as of this filing.

2

the Executive Branch, Defendants respectfully submit that Plaintiffs' proposed truncating of Defendants' response deadline would unfairly prejudice Defendants.

By contrast, Plaintiffs cannot plausibly claim (nor have they) that they will be prejudiced by a briefing schedule that abides by Local Civil Rule 7(b)(4). For starters, Plaintiffs' proposed briefing schedule states that they would be willing to file a reply within two days of Defendants' response. *See* ECF No. 20 at 3. Should Defendants file their response on June 27, 2024, in accordance with Local Civil Rule 7(b)(4), Plaintiffs appear to be ready to file their reply by June 29, 2024—almost one week before the challenged HHS rule is set to take effect on July 5, 2024. But even without that concession, Plaintiffs' implicit demand that the Court resolve the pending motion before July 5, 2024, to stave off alleged irreparable harm and/or prejudice should be considered artificial at best. At bottom, Plaintiffs seek to prevent potential enforcement actions that may occur under HHS's challenged rule. Yet they have not shown that any enforcement proceeding is certainly impending on or immediately after July 5, 2024. Nor can they. The mandatory procedures for enforcement before any covered entity is threatened with a loss of federal funds are lengthy. They include notice of a potential violation, a mandatory attempt to mediate the potential violation, formal adjudication and administrative hearings, notice to House and Senate committees, and the opportunity for judicial review by an Article III judge. *See, e.g.*, 42 U.S.C. § 18116(a) (Section 1557 incorporates the "enforcement mechanisms provided for and available under" the referenced civil rights statutes, including Title IX.); 20 U.S.C. §§ 1682–83 (Title IX). Put differently, "[a]t each point in any putative enforcement process, Plaintiffs would be able to raise the same claims they now raise (well before any enforcement action has been taken)." *Am. College of Pediatricians v. Becerra*, 2022 WL 17084365, at *15 (E.D. Tenn. Nov. 18, 2022).

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' request for expedited briefing and allow Defendants to file their response to Plaintiffs' motion for a stay and preliminary injunction on June 27, 2024, as prescribed by Local Civil Rule 7(b)(4).

Dated: June 14, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Sarah M. Suwanda*
SARAH M. SUWANDA
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel.: (202) 305-3196
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*