UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*, <br><br> Defendants. | No. 1:24-cv-00161-LG-BWR |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' AMENDED MOTION TO STAY PROCEEDINGS**

Defendants respectfully request that the Court stay further district court proceedings in this case until Defendants' appeal of this Court's Order granting Plaintiffs' motion for a preliminary injunction is finally resolved. *See* Notice of Appeal, ECF No. 42. As courts of appeals have long recognized, a stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). Indeed, such a stay would not prejudice Plaintiffs here, as they are already protected by the preliminary injunction and stay order issued by this Court, ECF No. 30 ("PI Order"), as well as similar orders issued by district courts in Texas. *See, e.g.*, Order Modifying Stay, *Texas v. Becerra*, No. 6:24-cv-211 (E.D. Tex. Aug. 30, 2024), ECF No. 41 (stay order applying to covered entities nationwide); Final Judgment, *Neese v. Becerra*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 71 (declaratory judgment applying to a class of all healthcare providers subject to Section 1557 nationwide). A stay would also conserve resources of the Court and the parties and minimize the risk of conflicting decisions.

1

Defendants have conferred with Plaintiffs' counsel about this stay request, and Plaintiffs oppose such relief. Should the Court deny Defendants' request for a stay, Defendants respectfully ask, in the alternative, for an extension of time to respond to the Complaint until 14 days after any such denial.[1]

## BACKGROUND

On May 30, 2024, Plaintiffs filed their Complaint in this action challenging the validity of portions of a rule (the "2024 Rule") promulgated by the United States Department of Health and Human Services ("HHS") to implement Section 1557 of the Affordable Care Act. ECF No. 1. Plaintiffs then moved for a § 705 stay and a preliminary injunction two weeks later, ECF No. 20, and Defendants opposed that motion on the basis that Plaintiffs were unlikely to succeed on the merits or establish irreparable harm, ECF No. 24. On July 3, 2024, this Court issued its PI Order, which stayed nationwide the effective date of specified provisions of the 2024 Rule and enjoined Defendants "nationwide from enforcing, relying on, implementing, or otherwise acting pursuant to the [2024 Rule] to the extent that the final rule provides that 'sex' discrimination encompasses gender identity." ECF No. 30 at 2.

Since that PI Order, Plaintiffs have moved for a briefing schedule on dispositive motions, ECF No. 32, which Defendants have opposed, ECF No. 40, and the Court granted Defendants' first request for an extension of time to file a response to the Complaint, extending the deadline to September 30, 2024. On August 30, 2024, Defendants appealed this Court's PI Order to the Fifth Circuit Court of Appeals. ECF No. 42.

## ARGUMENT

The Court should stay further district court proceedings in this case until Defendants' appeal of the PI Order to the Fifth Circuit is finally resolved, as all three traditional stay factors weigh in favor of a stay. Alternatively, should the Court deny Defendants' request for a stay,

---

[1] As of this filing, Defendants have received notice of the Court's order, which requests briefing on "whether any part of this case can proceed while the appeal of the Court's [30] Preliminary Injunction is pending." ECF No. 44 at 2. Defendants intend to address that separate question in a separate filing by the Court's deadline of October 2, 2024. *See id.*

Defendants respectfully seek an extension of time to respond to the Complaint until 14 days after any such denial.

I.     **The Traditional Stay Factors Justify a Stay.**

The Court should stay further district court proceedings in this case pending Defendants' appeal of the PI Order because a ruling by the appellate court is likely to provide substantial, if not dispositive, guidance to the Court and the parties in resolving the merits issues presented here. Moreover, a stay will not prejudice Plaintiffs because they are protected by the nationwide stay and injunction issued by this Court.

When determining whether to grant a stay, courts generally consider whether (1) the stay would prejudice the non-moving party, (2) the proponent of the stay would suffer hardship or inequity if forced to proceed, and (3) granting the stay would further judicial economy. *Arch Ins. Co. v. Clark Constr., Inc.*, No. 5:22-cv-100-KS-BWR, 2023 WL 2762025, at *1 (S.D. Miss Apr. 3, 2023). Weighing these factors confirms that a stay is warranted here.

As an initial matter, a stay of district court proceedings—including a stay of any proposed summary judgment briefing—will not prejudice Plaintiffs because this Court has already issued a ruling which, among other things, enjoins Defendants "nationwide from enforcing, relying on, implementing, or otherwise acting pursuant to the [2024 Rule] to the extent that the final rule provides that 'sex' discrimination encompasses gender identity." ECF No. 30 at 2. In other words, Defendants' proposed stay would not impose any hardship or inequity upon Plaintiffs because it would merely preserve the status quo until the Fifth Circuit weighs in on potentially dispositive questions of law to be raised in Defendants' appeal. *See, e.g.*, *Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435, 440–41 (S.D. Ohio 2023) (no prejudice to Plaintiff from stay because challenged program "is currently enjoined"); Electronic Order, *Walker v. Azar*, No. 1:20-cv-02834-FB-VMS (E.D.N.Y. Nov. 2, 2020) (granting stay pending appeal of preliminary injunction and finding that the "possibility of further irreparable harm to the plaintiffs pending appeal is mitigated by the extant preliminary injunction"); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *4 (W.D. Wash. Mar. 17, 2017) (finding that any prejudice to plaintiffs from stay would be

3

"minimal—if there is any at all" in light of the preliminary injunctive relief already in effect); *Hawaii v. Trump*, 233 F. Supp. 3d 850, 853–54 (D. Haw. 2017) (same); *Boardman v. Pac. Seafood Grp.*, No. 1:15-108-CL, 2015 WL 13744253, at *2 (D. Or. Aug. 6, 2015) (same); *see also Whitman-Walker Clinic v. HHS*, No. 20-1650 (JEB), 2021 WL 4033072, at *2 (D.D.C. Sept. 3, 2021) (finding that prejudice to plaintiffs from a stay of proceedings was minimal where the provisions of the Rule "that form the heart of Plaintiffs' objections are currently—and will remain—enjoined").

By contrast, requiring Defendants to litigate this action further in district court before the Fifth Circuit weighs in on overlapping if not dispositive questions of law would likely prove to be a wasteful exercise. *See*, *e.g.*, *Whitman-Walker*, 2021 WL 4033072, at *3 ("In the interim, a substantial amount of the parties' and the Court's resources would have been expended and potentially for little gain."). "[I]t makes no sense" for the same parties to litigate overlapping if not identical legal issues before this Court and the Fifth Circuit. *See United States v. Abbott*, 92 F.4th 570, 571 (5th Cir. 2024) (Mem.) (Jones, J., concurring). *See also McGregory v. 21st Century Ins. & Fin. Servs., Inc.*, No. 1:15-CV-00098-DMB-DAS, 2016 WL 11643678, at *3 (N.D. Miss. Feb. 2, 2016) (possibility of defendant expending substantial resources in litigation only for appellate decision to resolve issue "weighs in favor of a stay"). Put simply, a Fifth Circuit ruling on appeal of the Court's PI Order could prove fully or partially dispositive of the issues in this case, and, at the very least, "will have a significant impact on the litigation going forward." *See* Electronic Order, *Walker*, No. 1:20-cv-02834-FB-VMS (E.D.N.Y. Nov. 2, 2020); *Lincoln Gen. Ins. Comp. v. Autobuses Tierra Caliente, Inc.*, No. 3:04-CV-1535-L, 2006 WL 2474096, at *2 (N.D. Tex. Aug. 28, 2006) ("judicially prudent to stay this action until the Fifth Circuit rules" when "the pertinent issues in this case are also the issues before the Fifth Circuit"). Defendants see no reason why the same parties should exhaust resources to fight the same legal battles in overlapping legal forums.

For similar reasons, there are obvious benefits to judicial economy in awaiting further guidance from the Fifth Circuit. *See* Order, *Jordan v. Hall*, No. 3:15-cv-00295-HTW-LGI (S.D.

4

Miss. July 27, 2018), ECF No. 175 (holding "that it would not be an effective use of judicial resources to try this case" before further appellate guidance); *Boyd v. Am. Heritage Ins. Co.*, 282 F. Supp. 2d 502, 503 (S.D. Miss. 2003) ("If this Court follows the reasoning in [a case on appeal] and that case is later vacated . . . , then both this Court and the parties will have wasted valuable time and resources."). As noted above, a Fifth Circuit ruling on Defendants' appeal of the Court's PI Order may prove dispositive, and, at the very least, provide guidance on relevant legal issues and facilitate further proceedings in this case. *See, e.g., Coker v. Select Energy Servs.*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) ("interest in judicial economy favors a stay because [litigation resources] may be needlessly incurred if the Fifth Circuit and/or Supreme Court rules" on pending issues). And as one district court within this circuit explained: "How the Court of Appeals for the Fifth Circuit answers the significant legal questions of this case will likely alter upcoming proceedings. Thus, staying this case avoids duplicative and potentially unnecessary litigation, conserving judicial resources." *Whole Woman's Health v. Hellerstedt*, Case No. A-16-CA-1300-SS, 2017 WL 5649477, at *2 (W.D. Tex. Mar. 16, 2017). *See also* Order at 2, *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, No. CIV-22-232-RAW (E.D. Okla. Dec. 8, 2022), ECF No. 58 (appeal of preliminary injunction decision "may implicate the same issues that will be addressed here in future proceedings, and a stay would avoid potentially duplicative briefing and conserve the resources of both the parties and the court"); *Bahl v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*, No. CV 14-4020, 2018 WL 4861390, at *4 (E.D.N.Y. Sept. 28, 2018) (finding that a stay will serve the court's interests because it will "minimize the possibility of conflicts between different courts") (citing cases).

Finally, Defendants note that this Court has recently denied a motion to stay district court proceedings in a separate case. Order Denying Motion to Stay Proceedings, *McComb v. Becerra et al.*, No. 5:24CV48-LG-ASH (S.D. Miss. Sept. 18, 2024), ECF No. 34. While Defendants respectfully disagree with that ruling, it ultimately has no bearing on whether a stay is warranted here. Unlike the *McComb* plaintiff, the Plaintiffs here represent the same parties that will be litigating potentially dispositive questions of law before the Fifth Circuit on appeal. In other

words, the apparent concerns this Court had in that case—that the *McComb* plaintiff would be "compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both"—is absent here. *Id.*

Accordingly, because all three factors weigh in favor of a stay, the Court should stay further district court proceedings in this case until the appeal of the Court's PI Order is finally resolved.

### II.     In the Alternative, the Court Should Extend the Deadline to Respond to the Complaint.

Alternatively, if the Court decides to deny a stay of proceedings, Defendants respectfully request an extension of the current September 30, 2024 deadline to respond to Plaintiffs' Complaint until 14 days after any such denial.  Good cause supports the requested extension.  Such an extension would allow Defendants to obtain a Court ruling on their request for a stay, which Defendants have sought in good faith and which, in their view, is supported by good cause and the interests of judicial and party economy.  Defendants further submit that 14 days is a reasonable amount of additional time to respond to Plaintiffs' Complaint, which asserts 5 claims and is 79 pages and 290 paragraphs long.  Defendants have requested only one prior extension of time to respond to the Complaint, which was granted.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay further district court proceedings in this case until Defendants' appeal from this Court's PI Order is finally resolved.  Alternatively, should this Court deny Defendants' request for a stay, Defendants respectfully ask for an extension of time to respond to the Complaint until 14 days after any such denial.

Dated: September 27, 2024               Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Sarah M. Suwanda*
SARAH M. SUWANDA
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel.: (202) 305-3196
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*