UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>Defendants. | No. 1:24-cv-00161-LG-BWR |

## DEFENDANTS' RESPONSE TO ORDER REQUIRING ADDITIONAL BRIEFING

Defendants submit this response in accordance with the Court's order that the parties "submit briefs to the Court concerning whether any part of this case can proceed while the appeal of the Court's [30] Preliminary Injunction is pending."  ECF No. 44 at 2.  Consistent with Defendants' pending motion to stay proceedings, ECF No. 46, Defendants respectfully submit that, in light of Defendants' pending appeal to the Fifth Circuit of the Court's preliminary injunction order ("PI Order"), it would be inefficient and potentially wasteful of the Court's and the parties' resources to set a briefing schedule on dispositive motions at this procedural juncture.

## BACKGROUND

On May 30, 2024, Plaintiffs filed their Complaint in this action challenging the validity of portions of a rule (the "2024 Rule") promulgated by the United States Department of Health and Human Services ("HHS") to implement Section 1557 of the Affordable Care Act ("ACA").  ECF No. 1.  Plaintiffs then moved for a § 705 stay and a preliminary injunction two weeks later, ECF No. 20, and Defendants opposed that motion on the basis that Plaintiffs were unlikely to succeed on the merits or establish irreparable harm, ECF No. 24.  On July 3, 2024, this Court issued an order staying nationwide the effective date of specified provisions of the 2024 Rule and enjoining

Defendants "nationwide from enforcing, relying on, implementing, or otherwise acting pursuant to the [2024 Rule] to the extent that the final rule provides that 'sex' discrimination encompasses gender identity." ECF No. 30 at 2.

Since that PI Order, Plaintiffs have moved for a briefing schedule on dispositive motions, ECF No. 32, which Defendants have opposed, ECF No. 40, and the Court granted Defendants' first request for an extension of time to file a response to the Complaint, extending the deadline to September 30, 2024. On August 30, 2024, Defendants appealed this Court's PI Order to the Fifth Circuit Court of Appeals. ECF No. 42. And on September 25, 2024, this Court issued an order requiring the parties to "submit briefs to the Court concerning whether any part of this case can proceed while the appeal of the Court's [30] Preliminary Injunction is pending." ECF No. 44 at 2. Shortly thereafter, Defendants filed their motion to stay district court proceedings pending the final resolution of Defendants' appeal of the Court's PI Order. ECF No. 46.

## ARGUMENT

In response to the Court's order requiring additional briefing from the parties, ECF No. 44, Defendants respectfully submit that the Fifth Circuit, along with other circuit courts, has recently clarified that "[a]n appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation," *Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023). *See also* 11A Fed. Prac. & Proc. Civ. § 2962 (3d ed.). That is, Defendants recognize that this Court "ha[s] jurisdiction to proceed on the merits of the case," "despite the pendent appeal." *Satanic Temple*, 79 F. 4th at 514. Although Defendants' appeal of the PI Order does not divest this Court of jurisdiction to proceed to the merits, there are nonetheless significant prudential as well as judicial and party economy reasons for staying further district court proceedings in this case until the final resolution of Defendants' appeal of this Court's PI Order, as articulated herein and in Defendants' pending motion to stay.

At bottom, Plaintiffs' motion for entry of a briefing schedule for dispositive motions, ECF No. 32, seeks to convert the Court's PI Order into a final judgment. Plaintiffs' motion concedes

as much, noting that "this case is well positioned to move expeditiously toward final judgment," because "[t]he legality of the 2024 Rule turns on issues of law that this Court has already thoroughly considered and addressed at length." *Id.* at 2.  Indeed, Plaintiffs' efforts to rush to final judgment on the very issues briefed at the preliminary injunction stage—that is, before appellate review—are underscored by Plaintiffs' alternative suggestion that Defendants brief summary judgment and stipulate that "the administrative record is not needed to resolve their legal arguments, or that this case can proceed with only the filing of a certified list or relevant portions of record contents." *Id.* at 3.  On these submissions alone, the Court should not entertain Plaintiffs' request to proceed with summary judgment briefing, because, as Defendants explained in their motion to stay district court proceedings, "'[i]t makes no sense' for the same parties to litigate overlapping if not identical legal issues before this Court and the Fifth Circuit."  ECF No. 47 at 4 (citing *United States v. Abbott*, 92 F.4th 570, 571 (5th Cir. 2024) (Mem.) (Jones, J., concurring)). That is particularly true here, where the Court has repeatedly recognized that all of the regulatory provisions Plaintiffs challenged have been stayed or enjoined, *see* ECF Nos. 30, 44, and Plaintiffs have yet to explain why "expeditious resolution" to final judgment "would promote much-needed clarity," or "provide the States with full relief from the 2024 Rule," ECF No. 32 at 2.  *See also* ECF No. 47 at 3–4 (explaining that Plaintiffs face no hardship or inequity by preserving the status quo).

Indeed, proceeding to the merits, as Plaintiffs propose, carries the substantial risk of inefficient and piecemeal litigation, with potentially conflicting results.  *See* ECF No. 47 at 4–5. That is, a Fifth Circuit ruling on Defendants' appeal of the Court's PI Order "will have a significant impact on the litigation going forward," Electronic Order, *Walker*, No. 1:20-cv-02834-FB-VMS (E.D.N.Y. Nov. 2, 2020), and could result in potentially conflicting outcomes, should this Court nonetheless proceed to the merits while Defendants' appeal remains pending, *see Boyd v. Am. Heritage Ins. Co.*, 282 F. Supp. 2d 502, 503 (S.D. Miss. 2003) ("If this Court follows the reasoning in [a case on appeal] and that case is later vacated . . . , then both this Court and the parties will have wasted valuable time and resources.").  *See also Abbott Lab'ys v. Gardner*, 387 U.S. 136,

154–55 (1967) (A stay may address economy concerns arising from "a multiplicity of suits" challenging the same regulation.).  Put simply, "[h]ow the Court of Appeals for the Fifth Circuit answers the significant legal questions of this case will likely alter upcoming proceedings" before this Court.  *Whole Woman's Health v. Hellerstedt*, Case No. A-16-CA-1300-SS, 2017 WL 5649477, at *2 (W.D. Tex. Mar. 16, 2017).  "Thus, staying this case avoids duplicative and potentially unnecessary litigation, conserving judicial resources."  *Id.  See also* ECF No. 47 at 4–5.

Finally, to the extent Plaintiffs intend to change their position and suggest that their summary judgment motion will address only issues not raised in Plaintiffs' preliminary injunction motion—that too should be rejected.  Plaintiffs' motion for § 705 relief and a preliminary injunction sought preliminary relief on all five claims alleged in their Complaint—nearly all of which turn, in part, on the fundamental legal question on appeal, *i.e.*, whether *Bostock v. Clayton County*, 590 U.S. 644 (2020), applies to Title IX, and by extension, Section 1557 of the ACA.  In other words, the same prudential as well as judicial and party economy reasons for staying district court proceedings until final resolution of Defendants' appeal of the Court's PI Order apply with equal force to any remaining claims that may not have been resolved by this Court.

In sum, although Defendants' pending appeal of the PI Order does not divest this Court of jurisdiction to proceed to the merits, Defendants respectfully submit that it would be inefficient and counterproductive to do so at this procedural juncture.  The better course is to stay district court proceedings pending resolution of Defendants' appeal of the PI Order, which is likely to have a significant, if not dispositive, impact on the litigation going forward.

Dated: October 2, 2024                       Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             MICHELLE R. BENNETT
                                             Assistant Director, Federal Programs Branch

                                             */s/ Sarah M. Suwanda*
                                             SARAH M. SUWANDA
                                             Trial Attorney
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street NW
                                             Washington, D.C. 20005
                                             Tel.: (202) 305-3196
                                             E-mail: sarah.m.suwanda@usdoj.gov

                                             *Counsel for Defendants*